ELLIS, Judge.
Plaintiff has filed this suit in which he is seeking damages in the sum of $1,550.00 for the alleged breach of a contract by the defendant, Morgan City Packing Company, to deliver 20,000 pounds of shrimp ordered by plaintiff through defendant’s agent, C. L. Daniel.
Defendant in its answer based its defense upon the two following allegations:
“8. Further answering, defendants show that the said C. L. Daniel was agent for the Morgan City Canning Co., Inc., a corporation organized under the laws of the State of Louisiana, and domiciled in the Parish of Terrebonne, in which your individual defendants own some of the stock, but show that the said C. L. Daniel had no authority to sell any of the merchandise of that company except -by having the purchaser deposit with the Citizens National Bank aiid Trust Company of Thibodaux, Louisiana, a letter of credit made only to Morgan City Canning Co., Inc., upon which only said company could draw upon presenting negotiable warehouse receipts.
“9. In the alternative, and only should the court find that the said C. L. Daniel was acting as agent for your defendants, which agency is denied, defendants show that the said C. L. Daniel had no authority to sell any merchandise except by having the purchaser deposit with the Citizens National Bank and Trust Company of Thi-Ibodaux, Louisiana, a letter of credit made personally to defendants, upon which defendants alone could draw upon by presenting negotiable warehouse receipts.”
At the conclusion of the trial the District Judge rendered judgment dismissing plaintiff’s suit at his cost, from which the plaintiff has appealed.
There were only three witnesses who testified in the case, viz.: Arthur Salasnek, treasurer of the plaintiff corporation, by way of interrogatories and cross interrogatories; C. L. Daniel, the alleged agent of the defendant, Morgan City Packing Company, whose testimony was taken de bene esse, and Bertoul Cheramie, one of the defendants who testified in open court.
The documents introduced in evidence to substantiate the claim of plaintiff as well as to refute the defense of the defendant establish without the aid of any verbal testimony the contract between plaintiff and defendant and apparently refute the defense relied upon by the defendant.
It is shown without question that C. L. Daniel was the agent of the Morgan City Packing Company, defendant herein, and that he was authorized to enter into the contract which plaintiff alleges was breached. In the record is a letter from C. L. Daniel to the plaintiff of date August 3, 1948 in which he says:
“Dear Mr. Salasnek: — ■
“As you know, our August season opens up August 9th. I want to keep in close *629 touch with you this season and hope we can do some nice business together.
“In anticipation of catches beginning next week, we offer, subject to confirmation, 31/42 count frozen shrimp, packed S’s at 430 per pound, and 43/65 count frozen shrimp, packed 5’s at 380 per pound delivered Detroit.
“As the boats do not go out until the 9th and it will take several days for them to make catches and for us to have the shrimp processed, it will probably be the last of next week before we can get out the first truck, which would give you arrival there the early part of the week beginning August 16 th.
“In the event you would be interested in shrimp in bulk truck load lots, let me know and I will quote you a price on these F.O.B. the freezer.”
“On August 4th there is a telegram from C. L. Daniel to Arthur Salasnek which states: “Will wire or call tomorrow reference definite confirmation on truck 31/42 count shrimp.”
Daniel testified that by telephone he confirmed plaintiff’s order and contract, and we find in the record, dated August 6th, 1948 a letter from C. L. Daniel addressed to Mr. Bertoul Cheramie, Morgan City Packing Company, Houma, Louisiana, in which it is stated:
“Confirming telephone conversation ship 20,000 pounds of 31/42 count fresh shrimp at 350 per pound delivered Fannaly’s freezer at Ponchatoula, Louisiana.
“These shrimp are for the account of Sal-asnek Fisheries.
“Kindest regards,
“Yours very truly,
“C. L. Daniel.”
Dated August 5th C. L. Daniel wired the plaintiff as follows: “Morgan City Packing Company confirmed truck 20,000 pounds 31/42 count fresh shrimp delivered Fan-nalys Freezer 35 cents on or before August 12th. Thanks kindly.”
Daniel sent this telegram after a telephone conversation confirming the contract and followed it up with his letter of August 6th above quoted. There are no letters or documentary evidence in the record wherein the defendant demanded any specific or particular method of payment. These documents, in fact, constitute the contract between the parties, however, on August 6th we do find a letter in the record from C. L. Daniel to the plaintiff, the pertinent part of which is as follows:
“Dear Mr. Salasnek:
“We wired you yesterday, as follows:—
“ ‘Morgan City Packing Company confirms truck 20,000 pounds 31/42 count fresh shrimp delivered Fannaly’s freezer 350 on or before August 12th. Thanks kindly.’
“I was up at Mr. Fannaly’s place yesterday and told him to be on the lookout for a truck of shrimp for you next week.
“With reference to payment, if it could be arranged, I believe Morgan City Packing 'Company would prefer to be in a position to take Fannaly’s warehouse receipts and draw draft for the amount. In this way, they can take the draft to the bank there in Thibodaux and get immediate credit. * * *”
It would appear that on August 5th the contract between the plaintiff and the defendant through its agent Daniel was complete, however, if we should consider the letter of August 6 as a part of the contract as to method of payment we are of the opinion that the record shows a compliance with the preference of the defendant in this regard, for on August 10th, 1948 we find a letter from C. L. Daniel to the plaintiff acknowledging receipt of a wire with reference to funds made available at Thi-bodaux by the plaintiff to pay for the shrimp. We also find in this letter a statement by Daniel that the last time he talked to them at Houma they “advised that they were endeavoring to get yorrr truck out today sometime so Fannaly will have it in the morning.” This would not lead anyone to believe that the defendant was objecting to the manner or method of payment.
On August 20th we find in the record a wire from the plaintiff to C. L. Daniel inquiring about the shrimp which were to have been delivered to Fannaly’s cold storage on or about August 12th, also a letter of the same date to Daniel, apparently in answer to a wire from Daniel to plaintiff, *630 to the effect that he was still endeavoring to effect delivery, however, he had not made any progress. In this letter it is again stated: “We also made for your convenience, as I stated in my wire, that funds were made available at Thibodaux, Louisiana, Citizens Bank and Trust Co. for you to draw drafts on with Fannaly’s ware house receipts, as per your letter of August 6th.” Still no letter or indication, even, by the defendant that the method of .payment was not satisfactory. In their letter of August 20th the plaintiffs insisted upon the shrimp being delivered under the contract no later than August 27th, else they would have to take other methods to secure shrimp.
On September 10th attorneys for the plaintiff, by registered mail, the return receipt attached which is signed “Morgan City Packing Company by Chester Gros”, demanded the immediate delivery of the shrimp. On September 15th, 1948 Daniel acknowledged receipt of a copy of the registered letter sent to Morgan City Packing Company under date of September 10th, and he attempted to persuade the plaintiff not to sue.
There was nothing in the correspondence or testimony of Daniel, nor any evidence or indication on the part of the Morgan City Packing Company prior to the filing of suit that the failure to deliver the shrimp w-as due to a non-compliance on the part of the plaintiff to carry out the terms of the contract as to the method of payment.
Defendant’s contention that Daniel was not the agent of the Morgan City Packing Company, defendant herein, is not borne out toy the record, in fact, it is definitely established to the contrary.
As to the second defense that C. L. Daniel had no authority to sell any merchandise except by having the purchaser deposit with the Citizens’ Bank & Trust Company of Thibodaux a letter of credit made personally to the defendants and upon which they alone could draw by presenting negotiable warehouse receipts, the record does not establish such a restriction of Daniel’s authority. Salasnck testified that he knew Daniel was the agent of the defendant by virtue of previous dealings in 1947 with the Morgan City Packing Company at which time Bertoul Cheramie told him Daniel was agent of the company, and he further testified that the methods of payment for the shrimp in 1947 and in the present case were identical but with the following included to complete his answer to Interrogatory No. 10: “* * * that is, a New York draft mailed to the Citizens’ Bank & Trust Company, and they would have guaranteed delivery.”
The clear and unequivocal terms of the contract as established by the documents and evidence in this case are that the defendants agreed to sell and the purchaser to buy a certain amount of shrimp of a certain count for a certain price per pound, delivered on or before a certain date to Fannaly’s freezing plant in Poncha-toula, Louisiana, and, further, the testimony establishes that the plaintiff in accordance with the wishes of the defendant which were expressed after the contract had been confirmed and closed, offered payment by sending a New York draft to. the 'Citizens’ Bank & Trust 'Company at Thibodaux, Louisiana with instructions to the bank to pay the purchase price upon receipt from Morgan City Packing Company of a warehouse receipt from Fan-naly’s in Ponchatoula, Louisiana. It is true that Bertoul Cheramie testified that he inquired at the bank as to whether the money was there or not and that it was not and that was the reason he did not fulfill the contract. His testimony to this effect is the first notice of such an objection as a reason for the breach of this contract. On the other hand, there is a letter from Daniel to. the effect that the shrimp caught during the season of 1948 had been small and mixed sizes and for that reason most of the production had gone to the canning plants, which is most likely the reason for the failure to deliver the shrimp.
The plaintiff has proven its damages in. the amount sued for and it has proven its case by a clear preponderance of the evidence. The judgment of the district court is reversed and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendant as. prayed for.